## HELEN L. HALL, APPELLANT, *v.* JOHN P. BROOKS, RESPONDENT.[*]

*Warrant of attachment — examination of a person refusing to give to the sheriff a certificate as to property of the debtor in his possession — power of the court to compel him to deliver to the sheriff property admitted to be under his control.*

Upon an examination of one Brooks, ordered under section 651 of the Code of Civil Procedure, because of his refusal to furnish the sheriff with a certificate stating the amount, nature and description of property in his possession belonging to the defendant, against whom a warrant of attachment had been issued, it appeared that Brooks had at the time of the issue of the warrant a note belonging to the defendant secured by a mortgage, which had been put by Brooks in the safe of another person and there locked up

*Held,* that the court should make an order requiring Brooks to deliver the note and mortgage to the sheriff.

APPEAL from an order made at a Special Term denying a motion for an order requiring Mr. Clark Brooks to deliver to the sheriff certain property of the defendant, against whom a warrant of attachment had been issued in this action.

*Henry G. Atwater,* for the appellant.

*Clark Brooks* and *James R. Steers, Jr.,* for the respondent.

BARNARD, P. J.:

By section 649 of the Code of Civil Procedure it is provided that a levy by attachment upon personal property capable of manual delivery must be made by taking the same into the sheriff's actual custody.

By section 650 it is provided that a person holding property belonging to the defendant in the attachment suit " must furnish to the sheriff a certificate " specifying " the amount, nature and description of the property held for the benefit of the defendant."

By section 651, in case of a refusal to give the certificate the court may order an examination of the person refusing, before a referee. Clark Brooks had been the attorney of defendant. At the time of the issuing of the attachment he had in his pos-

---

[*] See *ante,* page 441.

session and under his control a note secured by a mortgage belonging to defendant. It was locked up in the safe of one Van Vlack, having been put there by Clark Brooks. The sheriff asked him for the note and for the certificate, and Clark Brooks refused both. There was no real denial by Clark Brooks on his examination before the referee that he had the note and mortgage and refused to give up to the sheriff the note or a certificate that he held it for the benefit of defendant. · Clark Brooks now claims that the sheriff made no levy under section 649, ·because he did not take the property in question into his actual possession ; that under section 650 no power is given beyond a power to examine the person refusing to give up property or to give certificate. This does not seem to be the intention of the section in question. The sheriff could not levy on defendant's property locked up in the Van Vlack safe, and it would not aid him to have the person who had it locked up admit that fact, if there was no further remedy. By section 655, the sheriff is empowered, in his own name, or in the name of the defendant, to maintain any action or special proceeding to reduce to his actual possession property capable of manual delivery, " but of which he has been unable to obtain possession." This seems to cover this case. If this section is to be held to mean only attached property then the sheriff cannot levy on the note, because Clark Brooks has it locked up. ˙ He can examine Clark Brooks, and he cannot either get an order for the property or sue for it. This does not seem to be the true meaning of the Code. The order should be reversed, and an order granted that Clark Brooks deliver over the note and mortgage to the sheriff.

GILBERT and DYKMAN, JJ., concurred.

Order reversed and motion granted that Clark Brooks deliver over the note and mortgage to the sheriff, with costs and disbursements on appeal and upon the motion.